IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID LOVEALL,**

                Petitioner,

        v.                            CASE NO. 08-3073-RDR

**SHELTON RICHARDSON,**

                Respondent.

**O R D E R**

This petition for writ of habeas corpus, 28 U.S.C. § 2241, was originally filed in the United States District Court for the Western District of Missouri by an inmate confined at the Correctional Corporation of America (CCA) facility in Leavenworth, Kansas. That court transferred the action here, finding it was without jurisdiction because Mr. Loveall does not challenge his conviction or sentence, but claims he is illegally confined at the CCA.

Petitioner also filed a request to proceed in forma pauperis (Doc. 2). Even though petitioner does not provide a certified copy of his inmate account statement for the preceding six months as by required by 28 U.S.C. § 1915, the court finds from the certified statement of his current balance at the CCA that this motion should be granted.

As the first ground for this Petition, Mr. Loveall alleges that he was picked up by U.S. Marshals from state prison in Missouri and brought to the CCA in November, 2007, but has never been charged with a crime and cannot find out what is going on. As the second ground, petitioner alleges he was working toward getting his G.E.D. in state prison when he was removed, and needs to get his G.E.D. before he is paroled. As ground three, petitioner writes

"Treatment" and alleges he is supposed "to go to 6 month drug treatment in Missouri," and if he finishes treatment he "can parole out" the middle of this year instead of leaving on July 29, 2009. To all other questions on his form petition regarding convictions and prior actions petitioner writes "N/A under investigation."

It appears from petitioner's sparse allegations that he may be held at the CCA on a detainer or a writ to await trial on federal charges. If that is the case, he apparently has time remaining on his Missouri sentence as well. He may be serving that time in the CCA, or he may receive credit against his Missouri sentence for his service at CCA. In any event, he does not state sufficient facts showing he is entitled to habeas corpus relief.

Moreover, petitioner does not allege that he has raised any of his claims through the prison administrative grievance procedures at the CCA. Exhaustion of administrative remedies is a prerequisite to seeking habeas corpus relief in federal court. He will be given time to show that he has exhausted such remedies. If petitioner does not show that he has exhausted all available administrative remedies, this action may be dismissed, without prejudice.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that petitioner is granted thirty (30) days in which to demonstrate that he has exhausted all available prison administrative remedies on all his claims.

**DATED:** This 19th day of March, 2008, at Topeka, Kansas.

s/RICHARD D. ROGERS
United States District Judge